IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| LUZ MURICA, | ) |
| | ) Civil Action No._____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PHH MORTGAGE CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Luz Murica alleges Defendant PHH Mortgage Corporation chose to violate the Real Estate Settlement Procedures Act 12 U.S.C. § 2601 *et seq*. ("RESPA") and Regulation X 12 CFR § 1024 *et seq*. while servicing the Plaintiff's mortgage loan.

**PARTIES**

1. Plaintiff is a natural person and resident of Boynton Beach, Florida.

2. Defendant is a foreign profit corporation with its principal address at 1 Mortgage Way Mount Laurel, NJ 08054.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C.A. § 1331 because the Plaintiff's claim arises under RESPA, a federal statute.

4. This Court has personal jurisdiction over Defendant because it conducts business in Florida making it foreseeable that Defendant would be haled into a Florida Court.

5. Venue is proper because the alleged acts and transaction occurred here, and Defendant transacts and conducts business here.

## FACTUAL ALLEGATIONS

6. Plaintiff bought a home at 334 Lake Monterey Circle, Boynton Beach, FL 33426 secured by a mortgage.

7. Defendant services Plaintiff's mortgage.

8. At some point, the mortgage fell into default.

9. Because of the default, Defendant received a loss mitigation application[1] from Plaintiff on or about June 4, 2021.

10. No foreclosure sale is pending; therefore, Defendant received the loss mitigation application more than 37 days before any foreclosure sale.

11. Upon information and belief, Defendant deemed the application complete.

12. Once Defendant considered the loss mitigation application complete, Regulation X section 1024.41(c) required Defendant, within 30 days, to do the following:

   (i) Evaluate the borrower for all loss mitigation options available to the borrower; and

   (ii) Provide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage. The servicer shall include in this notice the amount of time the borrower has to accept or reject an offer of a loss mitigation program as provided for in paragraph (e) of this section, if applicable, and a notification, if applicable, that the borrower has the right to appeal the denial of any loan modification option as well as the amount of time the borrower has to file such an appeal and any requirements for making an appeal, as provided for in paragraph (h) of this section.

13. Despite a clear duty to provide Plaintiff with specific information about her

---

[1] Regulation X section 1024.31(4) defines "Loss mitigation application" as "an oral or written request for a loss mitigation option that is accompanied by any information required by a servicer for evaluation for a loss mitigation option."

2

complete loss mitigation application, Defendant chose not to provide Plaintiff with written notice of its determination of which loss mitigation options were available within 30 days.

14. As a direct result of Defendant's failure to provide that notice within 30 days, on or about July 12, 2021, Plaintiff wasted money on mailing a certified letter to Defendant. Exhibit A.

15. The letter notified Defendant about its failure to provide information required under Regulation X and offered Defendant the opportunity to cure its violations. *Id*.

16. Defendant's failure to provide section 1024.41(c)'s notice also caused Plaintiff stress about the possibility of losing her home, even though she submitted a complete loss mitigation application, and negative credit reporting that would not have otherwise occurred.

17. To date, Defendant has still not sent Plaintiff the critical information about her loss mitigation application.

18. All conditions precedent to bringing this action have been satisfied or otherwise waived.

**COUNT I AS TO DEFENDANT'S VIOLATION
OF REGULATION X 12 CFR § 1024.41(c)(1)(ii)**

19. Plaintiff is a "borrower" under RESPA because she signed the mortgage and is otherwise liable under the mortgage.

20. Defendant is a "mortgage servicer" as defined by RESPA because it has accepted and applied mortgage payments from Plaintiff.

21. As provided above, once a mortgage servicer receives a complete loss mitigation application from a borrower, it must provide, within 30 days, the notice required by section 1024.41(c)(1)(ii).

22. Defendant violated section 1024.41(c)(1)(ii) because despite receiving a complete

loss mitigation application from Plaintiff, more than 37 days before a foreclosure sale, Defendant chose not to provide Plaintiff with the information required under section 1024.41(c)(1)(ii) within 30 days.

23. Under Regulation X section 1024.41(a), "A borrower may enforce the provisions of this section [Section 1024.41 *et seq.*] pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))."

24. RESPA section 2605(f) provides:

> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts
>
> …
>
> In the case of any action by an individual, an amount equal to the sum of – (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

25. As described above, as a direct result of Defendant's failure to follow its duty under Regulation X, Defendant caused Plaintiff needless financial harm, needless stress, and needless negative credit reporting.

26. Specifically, Plaintiff wasted money sending a certified letter to Defendant advising of its failure to comply with RESPA and Regulation X.

27. As a result, Defendant is liable to Plaintiff for actual damages and costs and attorneys' fees under 12 U.S.C. § 2605.

## RELIEF REQUESTED

**WHEREFORE**, based on the above stated in this Complaint, Plaintiff has been the subject Defendant's illegal mortgage servicing conduct in violation of RESPA and Regulation X. Plaintiff respectfully requests this Honorable Court to enter judgment for the following forms of relief:

    a)    Actual damages;

    b)    Reasonable attorneys' fees and costs pursuant to RESPA;

    c)    a judgment awarding injunctive relief;

    d)    That the Court enter an order that Defendant and its agents, or anyone acting on their behalf, is immediately restrained from altering, deleting or destroying any documents or records; and

    e)    Such other and further relief as the Court may deem just and proper.

**Plaintiff respectfully request a trial by jury on all issues so triable.**

Respectfully Submitted,

*/s/ Darren R. Newhart*
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esq..
FL Bar No: 175821
E-mail: matthew@fight13.com
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357